UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL CASE NO: 5:24-CR-00124-KKC

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

DONALD RAY ADAMS, JR.                                                 DEFENDANT

### DEFENDANT DONALD ADAMS' PROPOSED VOIR DIRE QUESTIONS

Comes the defendant, Donald Adams, by counsel, and respectfully submits the following as his proposed voir dire questions.

I. CASE SPECIFIC INQUIRIES.

1. This case involves allegations of the possession and alleged distribution of controlled substances. Do any of you feel so strongly about the use/distribution of drugs that you would be unable to be a fair juror in this case?

2. Do any of you have family members or close friends, or have any of you personally had difficulties with the use of or addition to drugs? (It is requested that prospective jurors be encouraged to provide a confidential answer at the bench if answering in open court would cause embarrassment.) For those of you who answered yes, would your experience with your loved one, or your own experience cause you difficulties being a fair juror in this case?

3. You will hear that Mr. Adams committed another crime on another occasion. But the purpose of this trial is to determine whether or not the government can

prove the allegations in the indictment beyond a reasonable doubt. He is not on trial for any mistakes of his past. Will any of you be more likely to convict Mr. Adams in this case because he may have committed a prior crime?

4. This case also involves an allegation that firearms were possessed. Do any of you feel so strongly about firearms, either for or against their possession, that you would be unable to be a fair juror?

5. Are any of you members of a group that advocates for the restriction of or abolition of the ability to own and possess guns?

II. CONNECTION TO LAW ENFORCEMENT.

6. Your juror questionnaires reveal your current job or the job from which you retired. The questionnaires do not ask about former jobs. In any of your former jobs, have any of you been employed by law enforcement, a prosecutor, as a first responder, security, or any similar position? If so, please describe with particularity.

7. Do any of you have family members or close friends who currently work or formerly worked in the areas of law enforcement, criminal prosecutions, as a first responder, or security? For those of you who answered yes, describe the family member/friend and the position held.

8. During this trial, you will likely hear the testimony of people who work in law enforcement. People who work in law enforcement are, of course, citizens just like the rest of us. Does anybody believe that a law enforcement employee, when testifying, can't be wrong, can't be mistaken, or cannot lie?

9. Will any of you give special weight to the testimony of a law enforcement employee over the testimony of a witness who is not a law enforcement employee?

10. Are any of you members of a group such as neighborhood watches, police ride along programs, Crime Stoppers, Mothers Against Drunk Driving, victims advocate groups, or any other similar organizations? For those of you who answered yes, describe the group and your level of involvement.

III. CRIME VICTIMS.

11. Have you or any of your family members or close friends ever been a victim of a crime? For those who answer yes, please describe.

12. Have you or any of your family members or close friends testified as a witness at a criminal trial? For those who answer yes, please describe.

III. PRIOR JURY SERVICE.

13. Have any of you served on a criminal jury in either a state or federal court? For each juror who answered yes, please describe the case, and the verdict that was reached.

14. Have any of you in any jury service, whether it be civil or criminal, state or federal, served as a foreperson of a jury? For each juror who answered yes, please describe the case and the verdict that was reached.

IV. PRESUMPTION OF INNOCENCE.

15. The indictment in this case is not evidence that Mr. Adams is guilty; the fact that these proceedings are occurring today is not evidence that Mr. Adams is guilty; and the fact that we are holding these proceedings in federal court is not evidence that Mr. Adams is guilty . Is there any of you that do not agree with my statements concerning things that are not evidence of Mr. Adams' guilt?

16. I am sure that you have all heard of the presumption of innocence, which means that as Mr. Adams stands before you today, he is an innocent man. Do any of you have any difficulty looking at Mr. Adams today and seeing a man who is innocent?

17. Having been preliminarily informed of what this case is about and having been informed of the charges, have any of you formed an opinion about what the result of this case should be?

                Respectfully submitted,

                /s/ PATRICK F. NASH
                NASH · MARSHALL, PLLC
                129 West Short Street
                Lexington, Kentucky 40507
                Telephone: (859) 254-3232
                Fax: (859) 225-4746
                E-mail: pfnash@nashmarshall.com
                ATTORNEY FOR DEFENDANT
                DONALD RAY ADAMS, JR.

## CERTIFICATE OF SERVICE

      I hereby certify that on August 20, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties in this matter or service was completed by first class mail to any non-CM/ECF participants.

                                      /s/ PATRICK F. NASH
                                      ATTORNEY FOR DEFENDANT
                                      DONALD RAY ADAMS, JR.