UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CRIMINAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:24-CR-124-KKC

UNITED STATES OF AMERICA                                                                    PLAINTIFF

V.                        **BINDING PLEA AGREEMENT**

DONALD RAY ADAMS, JR.                                                                       DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), distribution of 40 grams or more of fentanyl, Count 5 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), distribution of a mixture or substance containing a detectable amount of fentanyl, and Counts 6 and 7 of the Indictment, charging a violation of 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2, 3, 4, and 8 through 10. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to a specific sentence of 180 months. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of Count 1 are:

(a) That the Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, under federal law;

1

  (b) That the Defendant intended to distribute the substance to another person; and

  (c) That the amount of fentanyl was 40 grams or more.

3. The essential elements of Count 5 of the indictment are:

  (a) That the Defendant knowingly and intentionally distributed a quantity of a mixture or substance containing a detectable amount of a fentanyl analogue and/or fentanyl, Schedule II controlled substances, under federal law, to another; and

  (b) That the Defendant knew that the substances were controlled substances.

4. The essential elements of Counts 6 and 7 of the Indictment are:

  (a) That the Defendant committed drug trafficking crimes as reflected in Counts 1 and 5 of the Indictment;

  (b) That the Defendant knowingly possessed a firearm; and

  (c) That the possession of the firearm was in furtherance of the crime of drug trafficking reflected in Counts 1 and 5 of the Indictment.

5. As to the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

  (a) Beginning in February 2024, law enforcement with the Kentucky State Police began an investigation regarding the drug trafficking activities of Donald Ray Adams, Jr. With the assistance of agents with ATF, KSP detectives utilized a confidential informant to purchase narcotics from Adams at his residence on Nelson Avenue, in Fayette County, in the Eastern District of Kentucky.

  (b) On February 23, 2024, a confidential informant met Adams at his residence on Nelson Avenue and purchased a quantity of suspected fentanyl. The suspected fentanyl was submitted to the Kentucky State Police Laboratory for testing and was found to contain 2.825 grams of acetylfentanyl, a Schedule I controlled substance.

(c)     On May 6, 2024, a confidential informant met with Adams at his residence on Nelson Avenue and purchased suspected fentanyl in 2 separate bags. The substances were submitted to the Kentucky State Police Laboratory for testing and were found to contain 6.227 grams of fentanyl and 6.201 grams of a fentanyl/heroin mixture.

(d)     On May 8, 2024, a confidential informant once again met with Adams at his residence on Nelson Avenue and purchased a quantity of suspected fentanyl in 2 separate bags. After purchasing the narcotics, the confidential informant also purchased an unloaded .22 Marlin rifle from Adams. The suspected fentanyl was submitted to the Kentucky State Police Laboratory and one exhibit was found to contain 6.991 grams of fentanyl and the other exhibit contained 6.983 grams of substance similar to the other exhibit. The second exhibit was not forensically analyzed. ATF examined the rifle and identified it as a Marlin rifle, Model: 60, Caliber .22LR, bearing serial number 08285761. The firearm was manufactured in Connecticut and therefore, traveled through interstate commerce prior to Adams' possession.

(e)     On May 13, 2024, a confidential informant purchased a quantity of suspected fentanyl from Adams at his residence on Nelson Avenue. Adams retrieved the narcotics from a toolbox where he also had 2 firearms. While the confidential informant was at the residence, Adams also sold narcotics to another customer and retrieved the narcotics from the same toolbox containing the 2 firearms. The confidential informant also purchased one of the toolbox firearms. The firearm was loaded. The suspected fentanyl was submitted to the Kentucky State Police Laboratory for testing and was found to contain 26.024 grams of fentanyl. ATF examined the firearm and identified it as a Smith & Wesson pistol, Model: Bodyguard .380, Caliber .380, bearing serial number KAF0195. ATF further determined that the firearm was manufactured outside the Commonwealth of Kentucky and therefore, traveled through interstate commerce prior to Adams' possession.

(f)     On May 20, 2024, law enforcement obtained and served a state search warrant for Adams' residence on Nelson Avenue. Two of the loaded firearms were located in the toolbox along with the suspected fentanyl. One other handgun located in the den area in close proximity to the toolbox was loaded. Law enforcement seized an estimated six ounces of suspected fentanyl, approximately 11 grams of suspected fentanyl pills, scales, and nine firearms. The suspected fentanyl was submitted to the Kentucky State Police Laboratory for testing and were found to contain 159.7 grams of fentanyl and 10.695 grams of fentanyl.

(g) ATF examined the firearms and identified them as:

1. A Mossberg, Model: 500 ASG, Caliber 12, shotgun, bearing serial number H912418;

2. A Maverick Arms (Eagle Pass, TX), Model: 88, caliber 12, shotgun, bearing serial number MV40882M;

3. A Savage Arms Corporation, Model: 7, Caliber 22, rifle, bearing no serial number;

4. A Smith & Wesson, Model: M&P Shield, caliber 9 pistol, bearing serial number JFJ1267;

5. An Interarms, Model: PPK/S, caliber 380, pistol, bearing serial number S075519;

6. ARG Industries, Model: RG31, caliber 38, revolver, bearing serial number 0121195;

7. A Diamondback Arms Inc, Model: DB380, caliber 380, pistol, bearing serial number ZK1775; and

8. A SCCY Industries, LLC (SKYY IND.), Model: CPX-2, caliber 9, pistol, bearing serial number C198142.

(h) Adams admits that he knew the substances he sold and possessed were controlled substances. Further, Adams admits that he was in possession of two or more firearms in furtherance of his drug trafficking.

(i) At the time of the offense, Adams knew he had been convicted of Trafficking in a Controlled Substance, by final judgment of the Fayette Circuit, in November 2015, in case number 15-CR-983.

6. The statutory punishment for Count 1 is imprisonment for not less than 5 years and not more than 40 years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The enhanced statutory punishment for Count 5 is imprisonment for not more than 30 years, a fine of not more than $2,000,000, and a term

4

of supervised release of at least 6 years. The statutory punishment for Counts 6 and 7 is imprisonment for not less than 5 years and not more than life, consecutive to any other sentence, a fine of not more than $250,000, and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 for each count applies, and the Defendant will pay this $400 assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. The United States and the Defendant agree to the following specific sentence, which binds the Court upon acceptance of this plea agreement.

   a. The Defendant's sentence of imprisonment shall be 60 months on Counts 1 and 5, to run concurrently with one another, and 60 months on each of Counts 6 and 7, to run consecutively to each other and consecutively to Counts 1 and 5, for a total term of imprisonment of 180 months. The Defendant's term of supervised release shall be determined by the Court at sentencing. In addition to the mandatory and special conditions of supervised release listed in U.S.S.G. § 5D1.3, the conditions of supervised release shall include any additional conditions determined by the Court.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense(s) to which he/she is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to

Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's

Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional

7

level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 9/10/2025    By: _____
                       Cynthia T. Rieker
                       Assistant United States Attorney

Date: 9/10/25       _____
                    Donald Ray Adams, Jr
                    Defendant

Date: 7/10/25

_____
Patrick Nash
Attorney for Defendant

9